IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| MEI ROGUS, | : |
| Plaintiff, | : |
| v. | : Civil Action No. 3: 02 CV 1778 MRK |
| BAYER CORPORATION, | : January 14, 2005 |
| Defendant. | : |

## JOINT TRIAL MEMORANDUM

Pursuant to the Court's Order of September 23, 2004, the parties submit the following Joint Trial Memorandum.

1. ***Trial Counsel.***

   Trial counsel for plaintiff:

   Robert B. Muchinsky
   39 Russ Street
   Hartford, CT 06106
   Telephone: (860) 297-0037
   Fax: (860) 297-0040
   E-mail: rbm@muchinsky-law.com

   Trial counsel for defendant:

   John J. Myers
   Eckert Seamans Cherin & Mellott, LLC
   44th Floor, 600 Grant Street
   Pittsburgh, PA 15222
   Telephone: (412) 566-5900
   Fax: (412) 566-6099
   E-mail: jmyers@eckertseamans.com

2. ***Jurisdiction.***

   Federal jurisdiction is based upon diversity of citizenship, 28 U.S.C. § 1332 (a).

3. ***Jury Trial.***

The case is to be tried to a jury.

4. ***Length of Trial.***

Counsel estimate that 4 trial days will be required.

5. ***Further Proceedings.***

Counsel do not foresee the need for any further proceedings prior to trial.

6. ***Nature of Case.***

<u>Plaintiff's Description of the case</u>: Plaintiff brings this action under the Connecticut Fair Employment Practices Act (hereinafter "CFEPA") §46a-60(a)(4). Plaintiff has alleged a cause of action for retaliation in violation of the CFEPA. Plaintiff had made a complaint of sexual harassment to her supervisor who then engaged in a number of actions against her over the following two years, culminating in her termination in June 2001. Plaintiff claims that Defendant's reason for her termination was pretextual and that the real reason was retaliation.

<u>Defendant's description of the case</u>: Plaintiff claims a right to relief under the Connecticut Fair Employment Practices Act ("CFEPA"), § 46a-60(a)(4). Plaintiff's claim is that she was discharged from employment in June 2001 in retaliation for having made a complaint of sexual harassment two years earlier against a former employee. Defendant contends that plaintiff did not have a reasonable basis for believing that she had been sexually harassed. Defendant's reason for discharging the plaintiff was that she had assisted a job applicant to obtain a position which reported to the plaintiff by altering or assisting in the alteration of the applicant's resume to enhance her credentials, then by being untruthful about her involvement after defendant learned about the situation.

7. ***Trial by Magistrate Judge.***

   Counsel have not agreed to a trial by a Magistrate Judge.

8.    a. ***Witnesses***

   Plaintiff's witnesses:

   Mei Rogus
   174 Saddlebrook Path
   Southington, CT 06489

   Ms. Rogus is the plaintiff in the above action.

   Stuart Redshaw
   Bayer Corporation
   245 New Park Drive
   Berlin, CT 06037
   (860) 828-4100

   Mr. Redshaw investigated complaints made by the Plaintiff and was involved in the investigation of the events that lead up to her termination.

   Richard Fuhrman
   Bayer Corporation
   119 Salisbury Road
   Sheffield, MA 01257
   (413) 229-8711

   Mr. Fuhrman was Plaintiff's supervisor and was involved in the harassment and retaliation of the Plaintiff. Mr. Fuhrman also participated in the investigation of the events that lead up to plaintiff's termination.

   Peter Geise
   Bayer Corporation
   100 Bayer Road
   Pittsburgh, PA 15205-9741
   (412) 777-2000

   Mr. Geise was involved in the processing of the Plaintiff's complaint and was Mr. Fuhrman's supervisor.

   Hsiu-Chin Chen
   82 Overbrook Road
   West Hartford, CT 06107

Ms. Chen and her resume where the central items involved in the plaintiff's termination. Ms. Chen provided defendant's management with the pretext for plaintiff's termination.

Cliff Chen
38 Crestview Drive
Woodbridge, CT 06525

Mr. Chen was a co-worker of Plaintiff and has knowledge of the circumstances surrounding the creation of Hsiu-Chin Chen's resume.

Timothy Romps
Bayer Corporation
100 Bayer Road
Pittsburgh, PA 15205-9741
(412) 777-2000

Mr. Romps investigated one or more of Plaintiff's complaints.

Denise Church-Ball
c/o Bayer Material Science, LLC
245 New Park Road
Berlin, CT 06037

Ms. Church-Ball investigated complaints made by the Chin Chen against the plaintiff and was involved in the investigation of the events that lead up to plaintiff's termination.

Helen Kjellquist
c/o Bayer Material Science, LLC
245 New Park Road
Berlin, CT 06037

Ms. Kjellquist reported to the plaintiff and has knowledge of plaintiff's complaints that lead up to her being retaliated against by defendant.

Jennifer Chen
[address to be provided]

Ms. Chen was the author of Chin Chen's original resume.

<u>Defendant's witnesses</u>:

*Defendant will call the following witnesses*:

Hsieu Chin Chen
c/o Bayer MaterialScience, LLC
245 New Park Drive
Berlin, CT 06037

 Ms. Chen will testify that the plaintiff suggested enhancements to her resume, especially in connection with the addition of computer applications skills which Ms. Chen did not have in order to facilitate approval by Mssrs. Richard Fuhrman and Donald Telesca of Ms. Chen's hire. Ms. Chen will also testify that she reported plaintiff's actions to Mr. Fuhrman and Ms. Denise Church-Ball in May 2001, and provided them with evidence to support plaintiff's involvement in altering the resume.

Denise Church-Ball
c/o Bayer MaterialScience, LLC
245 New Park Drive
Berlin, CT 06037

 Ms. Church-Ball will testify about the reasons for plaintiff's termination and the information on which the action was based.

Richard Fuhrman
76 Westview Terrace
Unionville, CT 06085

 Mr. Fuhrman was plaintiff's immediate supervisor during her employment. He will testify about plaintiff's initial complaint involving Donald Telesca; about his response to that complaint; about subsequent issues with the plaintiff; and about the reasons for his decision to discharge the plaintiff.

Stuart Redshaw
c/o Lanxess Corporation
111 RIDC Park West Drive
Pittsburgh, PA 15275-1112

 Mr. Redshaw had a corporate staff responsibility for the Human Resources function at the Berlin site. He will testify about his investigation of two complaints made by the plaintiff and the actions taken in response to those complaints. He will also testify about his verification of the reasons for plaintiff's discharge and why that action was taken.

5

*Defendant may call the following witnesses*:

Peter Geise
c/o Bayer Corporation
100 Bayer Road
Pittsburgh, PA 15205

Mr. Geise was Richard Fuhrman's immediate supervisor. He would testify about his involvement in the investigation of a complaint made by plaintiff about Mr. Fuhrman's alleged violation of accounting policies and about the defendant's response to those complaints.

Helen Kjellquist
c/o Bayer MaterialScience, LLC
245 New Park Drive
Berlin, CT 06037

Ms. Kjellquist worked for the plaintiff. If called, she would testify about issues underlying two of the plaintiff's internal complaints.

Donald Telesca
125 Arline Drive
Waterbury, CT 06705-3509

If Mr. Telesca were called to testify, he would testify about the matters which prompted the plaintiff's initial complaint about him in 1999; he would testify that the incidents of alleged retaliatory behavior by him thereafter are false; and that he had no involvement in any of the events which led to the termination of plaintiff's employment.

b.   **Exhibits.**

(i) Plaintiff's List of Exhibits is attached. Defendant objects to plaintiff's exhibit 22 (a statement prepared by the plaintiff) on the ground that it is hearsay, as defined in Rule 801 (c) and excludible under Rule 802, Fed. R. Evid. Defendant objects to the plaintiff's trial exhibit 23 (Tape of CHRO Conference) on the same ground, except to the extent used for impeachment. Defendant objects to plaintiff's exhibit 33 (undated, unsigned memo from Rogus to Fuhrman), to the extent offered to prove the truth of any fact asserted in the exhibit, on the same ground.

(ii) Defendants List of Exhibits is attached.

c.  ***Depositions***

Plaintiff does not plan to use any depositions at trial, except for impeachment.

Defendant does not plan to use any depositions at trial, except for impeachment. If defendant is unable to compel the attendance of Richard Fuhrman, defendant will read Mr. Fuhrman's deposition testimony to the jury.

9.  (a)  ***Stipulations.*** The parties stipulate to the following facts to be read to the jury at the commencement of the evidence:

   1.  Plaintiff was employed by Bayer Corporation ("Bayer") as the Plant Controller at its Berlin, Connecticut manufacturing plant from April 5, 1999 until June 13, 2001.

   2.  The Berlin Plant manufactures a plastic film material that is used in the automobile and printing industries and other applications.

   3.  The plaintiff was hired by Richard Fuhrman, the Plant Manager, and reported to him during her employment.

   4.  As Plant Controller, plaintiff's duties were to oversee the site accounting, payroll and financial reporting functions, and to perform ad hoc projects.

   5.  Plaintiff made a claim that she was sexually harassed by Don Telesca, the Human Resources Manager for the Berlin plant, a peer of the plaintiff who also reported to Fuhrman.

   6.  The alleged sexual harassment began in May 1999 and ended in July 1999, after her report to Fuhrman.

7

7.  Bayer had in place a policy which prohibited sexual harassment and provided for reporting of incidents to the employee's immediate supervisor or alternative managers. Plaintiff had been provided with this policy as part of a manual given to managers.

8.  After plaintiff's complaint, Fuhrman met with Telesca and reported back to the plaintiff that Telesca said that he would stop his remarks. Fuhrman told the plaintiff that she should let him know if Telesca continued to make those comments to her. Fuhrman later checked with the plaintiff to ensure that the conduct had stopped and plaintiff confirmed to him that it had.

9.  Plaintiff was discharged on June 13, 2001. The reasons given for her discharge was falsification of company documents, in that she was accused of having substantially enhanced the resume of an applicant for an Accountant I position, Hsiu-Chin Chen, whom plaintiff had recommended hiring in December 1999. Plaintiff was the hiring manager, but the decision also had to be approved by Telesca and Fuhrman.

10. Both Fuhrman and Telesca favored hiring a different candidate for the Accounting I position for which Chin Chen had applied, but plaintiff wanted to hire Chin Chen.

11. Chin Chen came to the plaintiff's attention as a candidate for an accounting job through a mutual friend, Cliff Chen (not related to Chin Chen), who worked for Bayer in a different location.

12. Chin Chen submitted a resume to the plaintiff, which resume did not mention the word "computer" and did not indicate any computer skills.

The resume also stated that Chin Chen had graduated from "Shu Kuang Girl's High School."

13.     On November 16, 1999, plaintiff sent an email to Chin Chen with an attachment, stating in the email, in pertinent part:

> I made a few modifications to your resume. I moved the experiences in Taiwan to the top because they are more related to the job you are applying for.
>
> I also changed the Girl's High School to Commercial High School.
>
> I added Computer skills in the Strengths (I changed "Summary of Qualification" to Strengths) section. Please add any application that you know.

The resume as revised by Rogus made the changes noted in the email, and also suggested that the words: "Strong organizational and managerial skills", be substituted for excellent attention to detail, organization and management.

14.     The final resume submitted to the Company for Chin Chen was sent to plaintiff by Cliff Chen via an email. It contains the changes made by plaintiff and also adds certain computer applications to those suggested in the plaintiff's revision.

15      In addition to the assistance with Chin Chen's resume, plaintiff also made some changes, such as addition of a comma, period or capital letter to a draft thank you letter from Chin Chen to the plaintiff after her interview.

16.     In April 2001, plaintiff met with Chin Chen because of problems with her performance. Chin Chen told her in this meeting that she had never touched a computer before.

9

17. Don Telesca was terminated by Bayer at the beginning of May, 2001.

18. On May 11, 2001, plaintiff met with Chin Chen and gave her a Corrective Action Plan, detailing her performance problems. Chin Chen asked the plaintiff to just lay her off.

19. Shortly after plaintiff's meeting with Chin Chen on May 11, 2001 Chin Chen went to Fuhrman to discuss the situation with her job.

20. Chin Chen's complaint to Fuhrman was the first time any of Bayer's management became aware of the plaintiff's communications with Chin Chen about her resume.

21  Fuhrman and Denise Church-Ball, the Human Resources Manager, met with plaintiff on May 25, 2001. At the meeting, Fuhrman told the plaintiff of Chin Chen's complaints and plaintiff's May 11 performance memorandum to Chin Chen was also discussed. Because of the discrepancies between plaintiff and Chin Chen, Fuhrman then arranged for a meeting on the same day among the plaintiff, Chin Chen, himself and Denise Church-Ball.

22. In the May 25th meeting with Chin Chen, the allegations of Chin Chen about the plaintiff were discussed. Chin Chen's lack of computer skills was also discussed. Plaintiff accused Chin Chen of lying to her. Chin Chen denied lying to the plaintiff and said that she had told plaintiff everything about her lack of computer skills. At that point the meeting was terminated by Fuhrman.

23. On May 30, 2001, Chin Chen went to Fuhrman and gave him

her original resume as sent to the plaintiff, which made no representations about computer skills, and also gave him the plaintiff's email to her mentioning changes to the resume. In Chin Chen's presence, Fuhrman retrieved Chin Chen's final resume, as sent to defendant, and compared it with her original resume.

24. On June 8, 2003, Fuhrman and Denise Church Ball met with the plaintiff. She was asked whether she had altered Chin Chen's resume. Plaintiff told them that she helped to proofread her resume, to correct it based on what she had been told, but denied making substantive changes. Plaintiff was suspended pending completion of an investigation.

25. The investigation after June 8th consisted of discussions among corporate human resources, legal counsel, Denise Church-Ball and Fuhrman. The conclusion was that the plaintiff had made the changes in Chin Chen's resume, as stated in her email. Plaintiff was not shown the email or resume information provided by Chin Chen.

26. Plaintiff was informed in a telephone conversation with Fuhrman, and subsequently in a follow-up letter, that she was terminated for falsification of company documentation.

27. Chin Chen was given a warning for falsification of the resume.

28. Plaintiff's annual salary as of the date her employment was terminated was $71,000.

29. Plaintiff was unemployed from June 13, 2001 until November 5, 2001.

30.  On November 6, 2001, Plaintiff obtained other employment working for Enron Corporation at a salary and benefits level comparable to her compensation with Bayer. She remained in that position with Enron until July 31, 2003, when she was laid off by Enron.

31.  Plaintiff was paid severance pay of $13,500 by Enron after her lay off.

 (1)  ***Proposed Voir Dire***

The parties joint proposed voir dire questions are attached.

 (2)  ***Proposed Jury Instructions***

The parties joint proposed jury instructions are attached.

 (3)  ***Proposed Special Interrogatories***

The parties have agreed upon special jury interrogatories, which are attached.

 (4)  ***Agreed upon Description of the Case and Parties.***

"The plaintiff, Mei Rogus, is an individual who lives in Southington, Connecticut. Ms. Rogus worked for the defendant, Bayer Corporation, for approximately two years in 1999 to June 2001. Bayer Corporation is involved in a number of business, including manufacturing of a plastic film product at a plant located in Berlin, Connecticut. The plaintiff's claim is that she was discharged from employment by Bayer in violation of Connecticut law in retaliation for a complaint of sexual harassment. Bayer contends that the plaintiff was discharged for legitimate reasons unrelated to her complaint."

10.  **Anticipated Evidentiary Problems.**

Plaintiff does not anticipate filing any motions *in limine*.

Defendant does not plan to file any motions *in limine*.

| FOR DEFENDANT: | FOR PLAINTIFF |
|---|---|
| *John J. Myers* (signature) | *Robert B. Muchinsky* (signature) |
| John J. Myers | Robert B. Muchinsky |
| Federal Bar No. ct11377 | Federal Bar No. ct12702 |
| Eckert Seamans Cherin & Mellott, LLC | 39 Russ Street |
| 44th Floor, 600 Grant Street | Hartford, CT 06106 |
| Pittsburgh, PA 15222 | Tel: 860-297-0037 |
| Tel: 412-566-5900 | |

Christopher Brigham
Federal Bar No. ct02761
Updike, Kelly & Spellacy, P.C.
P.O. Box 231277, One State Street
Hartford, CT 06123-1277
Tel: 860-548-2600

## PLAINTIFF'S EXHIBITS
### (Mei Rogus v. Bayer Corporation)

| Trial Exhibit | Exhibit Description |
|---|---|
| 1 | Offer Letter |
| 2 | Berlin Plan Original Chart |
| 3 | Rogus 1999 Evaluation |
| 4 | Rogus 2000 Evaluation |
| 5 | 12/8/99 Fuhrman Discipline Letter to Rogus File |
| 6 | 1/26/00 Fuhrman note to Rogus File |
| 7 | 7/27/00 Fuhrman note to Rogus File |
| 8 | Undated Rogus memo to Fuhrman re Notes in her file |
| 9 | 6/23/00, Rogus email to Kjellquist |
| 10 | 6/11/01, Fuhrman letter to Rogus |
| 11 | 11/15/99, Cliff Chen email /attachment |
| 12 | Accountant I Job Description |
| 13 | Interviewers Standard Questions |
| 14 | Chin Chen's original Resume |
| 15 | Rogus email to Chin Chen |
| 16 | 12/1/99 Rogus email to Chin Chen re Telesca's contact information |
| 17 | 11/17/99 Cliff Chen's email to Rogus with final resume |
| 18 | 12/5/99, Rogus to Chin Chen email w/ attachment draft letter |
| 19 | 12/7/99 Cliff Chen to Rogus email |
| 20 | 5/11/01 Rogus to Chin Chen Memo |
| 21 | 6/28/01 Rogus to Romps letter |
| 22 | 6/28/01 Rogus statement |
| 23 | CHRO tape of fact-finding hearing/transcript |
| 24 | 5/25/01 Minutes of meeting |
| 25 | 5/25/01 Minutes of meeting |
| 26 | 6/8/01 Minutes of meeting |
| 27 | 2/10/00 Redshaw report |
| 28 | 11/29/00 Redshaw report |
| 29 | 5/14/01 Redshaw notes |
| 30 | 11/6/00 Peter Geise notes of Rogus phone call |
| 31 | Berlin Plan Sexual Harassment Policy |
| 32 | 11/16/99 Rogus to Chin email |
| 33 | Undated/Unsigned memo from Rogus to Fuhrman |

# DEFENDANT'S EXHIBITS
## (Mei Rogus v. Bayer Corporation)

| Trial Exh. | Description |
|---|---|
| 501 | Rogus Application 2/23/99 |
| 502 | Offer letter |
| 503 | Berlin Plant Organization Chart |
| 504 | Rogus 1999 performance evaluation |
| 506 | Rogus 2000 performance evaluation |
| 507 | 12/8/99 Fuhrman to Rogus discipline letter |
| 508 | 1/26/00 Fuhrman note to Rogus' file |
| 509 | 7/27/00 Fuhrman note to Rogus' file |
| 510 | 6/23/00 Rogus to Kjellquist email |
| 511 | undated Rogus to Fuhrman memo re notes in file |
| 512 | 6/11/01 Fuhrman to Rogus letter |
| 513 | 11/15/99 Cliff Chen email |
| 514 | Account I Job Description |
| 515 | Interviewers Standard Questions |
| 516 | Chin Chen original resume |
| 517 | 11/16/99 Rogus to Chin Chen email |
| 518 | 12/1/99 Rogus to Chin Chen email re Telesca contact info |
| 519 | 11/17/99 Cliff Chen to Rogus email |
| 520 | Chin Chen final resume |
| 521 | 12/5/99 Rogus to Chin Chen email w/attached draft letter |
| 522 | 12/7/99 Cliff Chen to Rogus email |
| 523 | 5/11/01 Rogus to Chin Chen Memo |
| 524 | 6/28/01 Rogus to Romps letter |
| 525 | 6/28/01 Rogus Statement |
| 526 | Rogus W-2/interim earnings documents |
| 527 | CHRO tape of fact-finding/transcript |
| 528 | Berlin Plant Sexual Harassment Policy |
| 529 | Sex Harassment Training attendance list w/ Telesco certificate |
| 530 | 5/25/01 Minutes of Meeting |
| 531 | 5/25/01 Minutes of Meeting |
| 532 | 6/8/01 Minutes of Meeting |
| 533 | 2/10/00 Redshaw Report |
| 534 | 1/29/00 Redshaw Report |
| 535 | 5/14/01 Redshaw notes |
| 536 | 11/6/00 Peter Geise Notes of Rogus Phone call |

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

MEI ROGUS,

        Plaintiff,

v.

BAYER CORPORATION,

        Defendant.

Civil Action No.   3: 02 CV 1778 MRK

**PROPOSED VOIR DIRE**

1. Do you know any of the following people, or any members of their family. If so, please describe your relationship with the person and how you know him or her.

    a. Hsien Chin Chen
    b. Denise Church-Ball
    c. Richard Fuhrman
    d. Peter Griese
    e. Helen Kjellquist
    f. Stuart Redshaw
    g. Donald Telesca
    h. Mei Rogus
    i. Cliff Chen
    j. Jennifer Chen

2. Have you or any member of your family or a close friend ever been employed by Bayer Corporation?

    - If so, when and in what capacity?

    - What were the circumstances of your/the other person's leaving this employment?

    - Would this employment relationship affect in any way your ability to be fair to both parties, impartial or unbiased?

1

3. Have you or any member of your family or a close friend ever filed a lawsuit or complaint against an employer? If so,

- What type of claim was made?
- When did this occur?
- What was the outcome (i.e., did the case go to trial, was it settled or dismissed)?
- Would this dispute affect in any way your ability to be fair to both parties, impartial or unbiased?

4. Have you ever been asked to testify as a witness in a case involving a claim by an employee against his or her employer? If so,

- Did you testify for the plaintiff/employee or for the defendant/employer?
- When and where did the testimony take place?
- What kind of claim was involved in the case?

5. Have you ever held a job where you have had the authority to hire, fire, or discipline employees?

6. Are any of you employed in the Human Relations Department of any corporation?

7. Do you believe that you would have difficulty being impartial in a case involving a claim by an employee against her employer?

8. Would the fact that the defendant is a corporation and the plaintiff is an individual affect your ability to be unbiased and impartial in making a decision in this case?

9. Are you able to sit in judgment in a case such as this where you will be asked by the plaintiff to award financial compensation for alleged wrongful treatment received at work?

10. Have you ever been a party to a civil lawsuit other than a domestic suit (i.e., divorce, separation or adoption)?

2

- If so, what did the lawsuit involve and what was the outcome?

11. Do you know of any other reason, not covered by the other questions, which would prevent you from being fair and impartial to both the plaintiff and the defendant in this case or which would make you tend to favor one side or the other?

Respectfully submitted,

Robert B. Muchinsky
Federal Bar No. ct12702
39 Russ Street
Hartford, CT 06106
Federal Bar No.: ct 12702
Telephone: 860-297-0037
Facsimile: 860-297-0040
*Attorney for the Plaintiff*

John J. Myers
Federal Bar No. ct11377
Eckert Seamans Cherin & Mellott, LLC
44th Floor, 600 Grant Street
Pittsburgh, PA 15222
Tel. 412-566-6000

Christopher Brigham
Federal Bar No. ct02761
Updike, Kelly & Spellacy, P.C.
P.O. Box 231277,
One State Street
Hartford, CT 06123-1277
Tel. 860-548-2600
Attorneys for the Defendant

3