BAYER/ROGUS
JURY INSTRUCTIONS

## JOINT INSTRUCTION NO. 1

## RETALIATION – PRIMA FACIE CASE

Plaintiff claims that defendant decided to terminate her employment in retaliation for having filed a complaint of sexual harassment with defendant. To prevail on a claim of retaliation, plaintiff must prove by a preponderance of the evidence all of the following prima facie, or threshold, elements:

1. that she engaged in "protected activity," that is, conduct which is protected under the Connecticut Fair Employment Practices Act ("Act");

2. that defendant was aware that plaintiff had participated in the protected activity;

3. that defendant took adverse action against plaintiff; and

4. a causal connection existed between plaintiff's protected activity and the adverse action taken by defendant.

Unless you find that plaintiff has proven by a preponderance of the evidence all of these elements, you must render your verdict in favor of defendant.

Source of Instruction:

*Mack v. Otis Elevator Co.*, 326 F.3d 116, 129 (2d Cir. 2003); *Reed v. A. W. Lawrence & Co.*, 905 F.3d 1170, 1178 (2nd Cir. 1996); *Bolick v. ALEA Group Holdings, Ltd.*, 278 F.Supp.2d 278, 283 (D.Conn. 2003).

{J0863938.1}

JOINT INSTRUCTION NO. 2

PRIMA FACIE CASE – PROTECTED ACTIVITY. GOOD FAITH, REASONABLE BELIEF

As you already have been told, plaintiff complained to defendant that she was being sexually harassed at work. Plaintiff may prove the prima facie element of her retaliation claim, that she engaged in protected activity only if plaintiff can establish that she possessed a good faith, reasonable belief that she had been sexually harassed in violation of the law.

In determining whether plaintiff had a good faith, reasonable belief that she had been sexually harassed in violation of law, you are instructed that a sexually hostile workplace environment in violation of law exists where either a single incident was extraordinarily severe or where a series of incidents were sufficiently continuous and concerted to have altered the conditions of the employee's working environment. Whether a sexually hostile environment in violation of law exists is evaluated by examining the circumstances in their totality and the severity, frequency, and degree of the alleged conduct. Relevant factors include: the frequency of the alleged conduct; its severity; whether the alleged conduct was physically threatening or humiliating, or was merely an offensive statement; and whether the alleged conduct unreasonably interfered with plaintiff's work performance. It must also be proven that the employer either provided no reasonable avenue for making a complaint of sexual harassment or that the employer knew of the harassment but did nothing about it.

You are not being asked to determine whether plaintiff actually was subjected to sexual harassment which was in violation of the law. Rather, you are to determine only whether plaintiff had a reasonable, good faith belief that she had been sexually harassed in violation of the law. If you find that plaintiff did not have a good faith, reasonable belief that she was being

{J0863938.1}

sexually harassed at work in violation of law, then you must render your verdict in favor of defendant.

Source of Instruction:

*Treglia v. Town of Manlius,* 313 F.3d 713, 719 (2d Cir. 2002); *Quinn v. Green Tree Credit Corp.,* 159 F.3d 759 (2d Cir. 1998); *Bolick v. ALEA Group Holdings, Ltd.,* 278 F.Supp.2d 278, 283, n. 6 (D.Conn. 2003); *Alfano v. Costello,* 294 F.3d 365, 374 (2d Cir. 2002); *Cruz v. Coach Stores, Inc.,* 202 F.3d 570 (2d Cir. 2000); *Harris v. Forklift Systems, Inc.,* 510 U.S. 17, 23 (1993); *Feingold v. New York,* 366 F.3d 138, 152 (2d Cir. 2004) (citing *Perry v. Ethan Allen, Inc.,* 115 F.3d 143, 149 (2d Cir. 1997)).

{J0863938.1}

JOINT INSTRUCTION NO. 3

LEGITIMATE REASON AND PRETEXT

If you find that plaintiff has proven all of the elements of a prima facie case of retaliation, you must then consider the defendant's explanation for discharging the plaintiff. The defendant has explained that it discharged the plaintiff because it concluded that she had altered or participated in the alteration of a resume.

Plaintiff can meet her overall burden of proving that the defendant intentionally retaliated against her by proving that the reason given by the defendant for her discharge was not the true reason for its action, but was a pretext for unlawful retaliation. If the plaintiff proves that the reason given by defendant was not the actual reason for her discharge, but a fabricated reason, you may, but need not, infer unlawful retaliatory intent from a combination of the evidence offered to establish the elements of a prima facie case and the falseness of the reason given for the discharge.

Source of Instruction:

*Board of Educ. of City of Norwalk v. Commission on Human Rights and Opportunities*, 266 Ct. 492, 506-07, 832 A.2d 660, 669-70 (2003); *St. Mary's Honor Center v. Hicks*, 509 U.S. 502, 519, 113 S.Ct. 2742, 125 L.Ed.2d 407 (1993).

{J0863938.1}

JOINT INSTRUCTION NO. 4

PRETEXT – BUSINESS JUDGMENT

It is not the function of a jury to second-guess business decisions. The law protects employees from conduct designed to deprive them of rights created under the Connecticut Fair Employment Practices Act; it does not impose liability on an employer for misjudgments respecting an employee's conduct. Evidence that an employer made a mistake or used poor judgment in discharging an employee generally is insufficient to establish that the employer's reasons were a pretext for unlawful conduct. A business decision need not be good or even wise. It simply has to be nondiscriminatory. The reasons given for the discharge need not be well-advised, but merely truthful. Therefore, if you find that the defendant believed that the plaintiff had engaged in the conduct for which she was discharged, and discharged the plaintiff for that reason, then your verdict should be for the defendant, even if you do not believe that the plaintiff was actually guilty of misconduct.

Source of Instruction:

*Dister v. Continental Group, Inc.*, 859 F.2d 1108, 1116 (2d Cir. 1988); *Gandleman v. Aetna Ambulance Service, Inc.*, 48 F.Supp.2d 169 (D. Conn. 1999); *Walker v. AT & T Technologies*, 995 F. 2d 846, 849 (8th Cir. 1993)(reversible error to refuse business judgment instruction in an employment discrimination case).

{J0863938.1}

JOINT INSTRUCTION NO. 5

DAMAGES – BACK PAY

I will now instruct you on the issue of damages. The fact that I am instructing you on the law of the proper measure of damages should not be considered as intimating any view of the Court as to which party is entitled to prevail in this case. It is for you to decide from the evidence presented and the rules of law which I provide you whether plaintiff is entitled to recover anything from defendant. The following instructions regarding damages are given for your guidance in the event you find from the evidence in favor of plaintiff.

If you find that defendant retaliated against plaintiff for having complained of sexual harassment, then you must determine the amount of damages that she sustained. The plaintiff bears the burden of proving to you the damages that she claims to have suffered. If you find that the plaintiff's employment was terminated in retaliation for having complained of sexual harassment and not based upon the reason that defendant has asserted, then you may award "back pay" damages. "Back pay" is an amount equal to the compensation that the plaintiff would have received from defendant had her employment not been terminated until the date of trial, less any amount of compensation which the plaintiff received from other employment.

SOURCE OF INSTRUCTION:

*Federal Jury Practice and Instructions* §106.07.

{J0863938.1}

JOINT INSTRUCTION NO. 6

COMPENSATORY DAMAGES

If the plaintiff proved that defendant intentionally retaliated against her for complaining of sexual harassment, you may also award plaintiff compensatory damages, but only for injuries that the plaintiff proves were caused by defendant's allegedly intentional and wrongful conduct. The damages that you award must be fair compensation, no more and no less. You may award compensatory damages, based on the evidence introduced at trial, for emotional pain and suffering, and mental anguish that the plaintiff may have experienced as a consequence of defendant's retaliatory conduct. No evidence of monetary value of such intangible things a pain and suffering has been, or need be, introduced into evidence. There is no exact standard for fixing the compensation to be awarded for these elements of damages. Any award you make should be fair in light of the evidence presented at trial and based solely on any suffering that defendant caused directly and by retaliatory conduct.

In determining the amount of any damages that you decide to award, you should be guided by dispassionate common sense. You must use sound discretion in fixing an award of damages, drawing reasonable inferences from the facts in evidence. You may not award damages based on sympathy, speculation, or guesswork. On the other hand, the law does not require that plaintiff prove the amount of her losses with mathematical precision.

SOURCE OF INSTRUCTION:

*Adapted from Federal Jury Practice and Instructions* §106.07.

{J0863938.1}

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

MEI ROGUS,

        Plaintiff,

v.

BAYER CORPORATION,

        Defendant.

Civil Action No. 3: 02 CV 1778 MRK

## PROPOSED VERDICT FORM

1. Do you find that the plaintiff has proven by a preponderance of the evidence that she had a reasonable and good faith belief that she had been subjected to unlawful sexual harassment when she made a complaint about the actions of Donald Telesca?

    Yes _____  No _____

If yes, go on to the next question. If you answer no, then the foreman should sign the verdict slip and notify the bailiff.

2. Do you find that the plaintiff has proven by a preponderance of the evidence that she was discharged in retaliation for making a complaint of sexual harassment? .

    Yes _____  No _____

If yes, then go on to the next question. If you answer no, then the foreman should sign the verdict slip and notify the bailiff.

3. What are the plaintiff's damages?

    Back Pay                  $_____

    Compensatory Damages   $_____

Date: _____  _____

                                              Foreperson