IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| MEI ROGUS, | CIVIL ACTION |
| Plaintiff, | CASE NO. 3:02-CV-1778 (MRK) |
| v. | |
| BAYER CORPORATION, | |
| Defendant. | FEBRUARY 15, 2005 |

## PETITION OF DEFENDANT
## TO ENFORCE SETTLEMENT AGREEMENT

Defendant moves for enforcement of an agreement settling the captioned case, and in support hereof defendant makes the following representations:

1.  This case was scheduled for trial to commence with jury selection on February 1, 2005 and evidence presentation on February 2, 2005. The Court pre-tried the case on January 19, 2005.

2.  On January 20, 2005, counsel for the plaintiff verbally communicated a settlement demand of $15,000, plus removal of termination documentation from the plaintiff's personnel file. The settlement demand was said to include attorneys' fees and expenses.

3.  On January 21, 2005, counsel for the defendant verbally communicated a counteroffer in the amount of $12,500, with removal of the termination letter from plaintiff's file, conditioned on a

389073

- 2 -

general release which would include confidentiality, no admission of liability and an agreement not to apply for employment with defendant or its affiliates. Counsel for plaintiff accepted this offer.

4. On January 21, 2005, counsel for defendant sent a settlement agreement incorporating the terms of the settlement to counsel for plaintiff. A copy of the email and the attachment are annexed to this Petition as Exhibit A.

5. On January 21, 2005, counsel for plaintiff notified the Court of the settlement and an Order confirming that notice was entered. The Court retained jurisdiction until February 20, 2005.

6. On February 2, 2005, counsel for defendant sent an email to counsel for plaintiff inquiring about receipt of the settlement agreement and advising that the settlement check had been issued. A copy of this email is annexed as Exhibit B. Counsel for plaintiff responded by telephone acknowledging receipt of the agreement and advising that it had been forwarded to the plaintiff for signature.

7.      On February 7, 2005, counsel for plaintiff advised counsel for defendant by telephone that his client had "changed her mind" and would not sign the settlement agreement.

WHEREFORE, defendant moves for an Order enforcing the settlement agreement which was reached by the parties.

DEFENDANT,
BAYER CORPORATION

By: _____
CHRISTOPHER L. BRIGHAM, ESQ.
Federal Bar Number ct 12410
Updike, Kelly & Spellacy, P.C.
265 Church Street, 10th Floor
New Haven, CT  06510
Telephone:  (203) 786-8300
Facsimile:  (203) 772-2037
Email:  cbrigham@uks.com

John J. Myers
Federal Bar No. ct11377
Eckert Seamans Cherin & Mellott, LLC
44th Floor, 600 Grant Street
Pittsburgh, PA  15222
Telephone:  (412) 566-5900
Facsimile:  (412) 566-6099
Email:  jjm@escm.com

Attorneys for the Defendant

 **John Myers/ESCM**
01/21/2005 02:34 PM

To "Carmen" <Carmen@smith-lawfirm.com>
cc smith-lawfirm@comcast.net
bcc
Subject Re: Rogus - settlement agreement

Bob,

Attached is a General Release. Please review and have your client sign. I will deliver a copy signed by Bayer with the check. I will need to know how you want the check payable and the tax i.d. or ssn's for all payees. Thanks, Bob.


j0868849.doc

John J. Myers
Eckert Seamans Cherin & Mellott, LLC
600 Grant Street, 44th Floor
Pittsburgh, PA 15219
412-566-5900
jmyers@eckertseamans.com

EXHIBIT A

# GENERAL RELEASE

I, Mei Rogus, for myself, my heirs and assigns, in consideration of the payment of the sum of TWELVE THOUSAND FIVE HUNDRED AND NO/100 DOLLARS ($12,500), do hereby fully and forever release, discharge and hold harmless Bayer Corporation, Bayer MaterialScience, LLC, their shareholders, affiliates, subsidiaries, and employee benefit plans, and their officers, directors, employees, predecessors, successors, heirs and assigns (collectively, "Bayer"), from any and all liability upon claims, causes of action or obligations of every nature whatsoever, whether known or unknown, arising out of or relating to my employment and termination from employment or to any other act, event, failure to act or thing which has occurred or was created at any time before the date on which this General Release is signed. Without limiting the generality hereof, this release covers claims or causes of action based upon torts (such as, for example, negligence, fraud, defamation, wrongful discharge); express and implied contracts; federal, state or local statutes and ordinances, including those which regulate employment practices (such as, for example, The Connecticut Fair Employment Practices Act, Title VII of the Civil Rights Act of 1964, the Age Discrimination in Employment Act of 1967); and every other source of legal rights and obligations, whatsoever. This release also covers all claims which were or could have been asserted in a Complaint filed in the United States District Court for the District of Connecticut styled "Mei Rogus v. Bayer Corporation," docket number 3:02-cv-1778 (MRK), including claims for attorneys' fees and costs incurred in connection with that matter.

I represent that I have not initiated and agree that I will not initiate any legal proceedings against Bayer on the basis of any claims within the scope of this release, and that I will pay Bayer's expenses of suit, including attorneys' fees, if I initiate any legal proceedings in violation hereof.

I agree and understand that the settlement and consideration paid on behalf of Bayer does not constitute and will not be construed as an admission of liability or wrongdoing or violation of law by Bayer or any of its employees. On the contrary, the settlement was entered into as a compromise of a disputed claim and solely for the purpose of avoiding further litigation expenses.

I agree to cause my attorney to take such steps as may be required to have the aforesaid lawsuit dismissed with prejudice.

I agree to maintain in strict confidence the amount of the settlement payment, and that I will not disclose (and represent that I have not previously disclosed) the amount to be paid by Bayer to any person, except my spouse, attorney, paid tax advisor or as may be required by law.

I agree to pay all income and payroll taxes, if any, which may be owed on account of the settlement, and will indemnify Bayer for any liability it may incur by reason of my failure to do so or its failure to withhold taxes from the settlement payment.

I agree that, as part of this settlement, I have waived any right or claim to reinstatement and that I will not apply to Bayer for a job; and that if I do, it will have the unconditional right to refuse me employment based upon this General Release.

This General Release contains the entire agreement. There are no understandings, promises, agreements or assurances relating to the settlement except those which are covered herein.

I agree that I have read and understand each and every provision of this Release; that I have been given a sufficient and reasonable time to consider it; and that I have relied upon the advice of my own attorney in connection with the settlement and this Release.

IN WITNESS WHEREOF, I have hereunto set my hand and seal on this the ___ day of January, 2005.


_____          _____
Robert Muchinsky,                             Mei Rogus
Plaintiff's counsel


### AGREEMENT OF BAYER CORPORATION

In consideration of the foregoing, Bayer Corporation ("Bayer") agrees to do the following:

1. Promptly upon receipt of a signed General Release, to pay to the plaintiff the sum of TWELVE THOUSAND FIVE HUNDRED AND NO/100 DOLLARS, payable by check made out as directed by plaintiff's counsel; and,

2. To remove from plaintiff's personnel records all copies of the termination letter dated June 11, 2001.

BAYER CORPORATION:


By: _____

2



**John Myers/ESCM**
02/02/2005 11:04 AM

To "Carmen" <Carmen@smith-lawfirm.com>
cc
bcc
Subject mei rogus v bayer

please confirm that you have received the proposed settlement document? I have the check payable to Mei Rogus for $12,500, which I can send to Bob when I get a signed release from Ms. Rogus.

John J. Myers
Eckert Seamans Cherin & Mellott, LLC
600 Grant Street, 44th Floor
Pittsburgh, PA 15219
412-566-5900
jmyers@eckertseamans.com



EXHIBIT B

John J. Myers
Federal Bar No. ct11377
Eckert Seamans Cherin & Mellott, LLC
44th Floor, 600 Grant Street
Pittsburgh, PA  15222
Tel. 412-566-6000

Attorneys for the Defendant

## DECLARATION OF COUNSEL

I, John J. Myers, declare under penalty of perjury that I have personal knowledge concerning the facts averred in the foregoing Petition; and that those facts are true and correct.

Executed on February 12, 2005

_____
John J. Myers

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| MEI ROGUS, | } | CIVIL ACTION |
| | } | |
| Plaintiff, | } | CASE NO. 3:02-CV-1778 (MRK) |
| | } | |
| v. | } | |
| | } | |
| BAYER CORPORATION, | } | |
| | } | |
| Defendant. | } | |

**PROPOSED ORDER**

AND NOW, this __ day of _____, 2005, the Court having considered the Petition of the Defendant to enforce Settlement Agreement, the Court having determined that a settlement of this matter was reached and that counsel for plaintiff had authority to make the settlement on behalf of the plaintiff, IT IS ORDERED that Plaintiff signed the proposed Settlement Agreement and General Release, and further that the defendant pay plaintiff the sum of $12,500, as the agreed settlement amount, and further that defendant and plaintiff comply with the provisions of the agreement. The Clerk shall mark the docket of this case closed.

_____
United States District Judge

389073

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Petition to Enforce Settlement Agreement was served by first-class U.S. mail, this 15th day of February, 2005, upon the following counsel:

>Robert B. Muchinsky, Esq.
>39 Russ Street
>Hartford, CT 06106

_____
CHRISTOPHER L. BRIGHAM
Updike, Kelly & Spellacy, P.C.

389073