IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| MEI ROGUS, | } | CIVIL ACTION |
| | } | |
| Plaintiff, | } | CASE NO. 3:02-CV-1778 (MRK) |
| | } | |
| v. | } | |
| | } | |
| BAYER CORPORATION, | } | |
| | } | |
| Defendant. | } | FEBRUARY 15, 2005 |

## MEMORANDUM IN SUPPORT OF PETITION
## TO ENFORCE SETTLEMENT AGREEMENT

Defendant has filed a Petition to enforce a settlement agreement and submits this Memorandum in support.

*Statement of the Case*

This is a retaliation case brought to recover damages for an alleged violation of the Connecticut Fair Employment Practices Law. The case was to have been tried in the first week of February, 2005.

As recited in the Petition, on January 21, 2005, counsel for plaintiff by telephone accepted defendant's offer of $12,500 in exchange for a settlement of this case, along with a General Release

389076

providing various terms and conditions. On the same date, counsel for plaintiff notified the Court that the case has been settled, as reflected on the docket by a minute entry. Also, on that date counsel for defendant sent a settlement agreement to counsel for plaintiff incorporating the terms on which agreement had been reached earlier that day. No objection was made to the agreement.

On February 2, 2005, counsel for defendant sent an email to plaintiff's counsel inquiring about the settlement agreement and advising that a settlement check had been issued payable to the plaintiff.

On February 7, 2005, counsel for plaintiff called counsel for defendant and advised that the plaintiff had "changed her mind" and would not sign the settlement agreement.

*Argument*

It is well-established that an oral agreement settling a lawsuit is enforceable, despite a later change of heart between the time of the agreement and the time the terms are reduced to writing. *Estate of McDonnell-Bissell v. Milford Councel on Aging*, 2004 U.S. LEXIS 19636 *1, 2 (D. Conn. Sept. 28, 2004); *New Horizon Financial Services, LLC v. First Financial Equities, Inc.*, 2003 U.S. Dist. LEXIS 14573 *15 (D. Conn. March 26, 2003); *The Millgard Corporation v. White Oak Corporation*, 224 F. Supp. 2d 425, 432 n. 16 (D. Conn. 2002).

Attorneys representing parties in litigation are presumed to have express authority to settle, absent contrary evidence in the record. *Shoels v. Klebold*, 375 F. 3d 1054, 1059 (10th Cir. 2004).

Based on these authorities, defendant requests an order specifically enforcing the settlement agreement made on January 21, 2005.

                        DEFENDANT,
                        BAYER CORPORATION

By: _____
CHRISTOPHER L. BRIGHAM, ESQ.
Federal Bar Number ct 12410
Updike, Kelly & Spellacy, P.C.
265 Church Street, 10th Floor
New Haven, CT 06510
Telephone: (203) 786-8300
Facsimile: (203) 772-2037
Email: cbrigham@uks.com

John J. Myers
Federal Bar No. ct11377
Eckert Seamans Cherin & Mellott, LLC
44th Floor, 600 Grant Street
Pittsburgh, PA 15222
Telephone: (412) 566-5900
Facsimile: (412) 566-6099
Email: jjm@escm.com

                        Attorneys for the Defendant

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Memorandum in Support of Petition to Enforce Settlement Agreement was served by first-class U.S. mail, this 15th day of February, 2005, upon the following counsel:

> Robert B. Muchinsky, Esq.
> 39 Russ Street
> Hartford, CT 06106

_____
CHRISTOPHER L. BRIGHAM
Updike, Kelly & Spellacy, P.C.

389076